**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN HIMBLER AVILES,<br><br>    Petitioner,<br><br>    v.<br><br>HERIBERTO H. TELLEZ et al.,<br><br>    Respondents. | Case No. CV 20-1943-JGB (JPR)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE |

On February 27, 2020, Petitioner filed what he styled as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The next day he was acquitted of all charges after a jury trial in this District. See United States v. Aviles, No. CR 18-0175-CAS (C.D. Cal. filed Mar. 29, 2018), ECF No. 99. In the "Petition," he challenges his jailers' handling of his mail, claiming that they are intentionally delaying it so as to obstruct court cases he has filed. (Pet. at 3-4.) He acknowledges that his Petition "concerns jail or prison conditions, not a conviction or sentence." (Id. at 5.)

The Petition is a disguised civil-rights action and must be filed as such. Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from

1

confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). A civil-rights action — not a habeas petition — is the exclusive vehicle for a state prisoner's claim that does not fall within this "core." See Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc). When success on a prisoner's claims "would not necessarily lead to his immediate or earlier release from confinement," such claims do not fall within "the core of habeas corpus" and must be brought in a civil-rights action. Id. at 935 (citation omitted); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004).

Nettles explicitly declined to address whether a civil-rights action is the exclusive vehicle for a federal, as opposed to state, prisoner's challenge to the conditions of his confinement, see 830 F.3d at 931, but post-Nettles decisions provide no reason to think that such claims are properly brought in a § 2241 petition. See Wright v. Shartle, 699 F. App'x 733, 733 (9th Cir. 2017) (affirming dismissal as noncognizable of federal inmate's petition claiming BOP officials unconstitutionally tampered with his mail and denied him privileges; finding that "the appropriate remedy for [those] claims lies in a civil-rights action under" Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)) (citing cases); Schreane v. Matevousian, No. 1:17-cv-01217-AWI-EPG-HC, 2018 WL 2229223, at *2 (E.D. Cal. May 15, 2018) (applying

Nettles to federal prisoner's petition alleging unconstitutional lockdowns, interference with mail, and denial of hygiene products), accepted by 2018 WL 3701965 (C.D. Cal. Aug. 2, 2018); Thody v. United States, No. EDCV 17-2024-PA (DFM), 2017 WL 6389593, at *2 (C.D. Cal. Oct. 25, 2017) (applying Nettles to habeas petition brought by federal inmate seeking single-cell status), accepted by 2017 WL 6389090 (C.D. Cal. Dec. 12, 2017). But see Spring v. Langford, No. CV 16-04664-JLS (DTB), 2017 WL 3326973, at *3 (C.D. Cal. May 22, 2017) (finding that Nettles did not preclude jurisdiction over § 2241 petition that raised no constitutional claims and challenged only BOP's attempt to collect restitution payments; dismissing action on merits), accepted by 2017 WL 3326443 (C.D. Cal. Aug. 3, 2017), aff'd, No. 17-56238, 2018 WL 6314639 (9th Cir. May 18, 2018).

Under some circumstances a court may choose to convert a flawed habeas petition into a civil-rights action. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam), superseded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 84 (2006). But a civil-rights complaint differs from a habeas action in several ways, including the "proper defendant, filing fees, the means of collecting them, and restrictions on future filings," which "may make recharacterization impossible" or "disadvantageous" to the petitioner. Nettles, 830 F.3d at 936.

Because Petitioner challenges the conditions of his confinement and not any particular conviction or sentence, his claim must be brought in a civil-rights action. The Court declines to construe the Petition as one, for several reasons.

Petitioner may be seeking to avoid paying the $350 filing fee for such lawsuits by raising his claims in a habeas petition rather than a civil complaint, or as a serial filer of lawsuits that have been dismissed as frivolous, see, e.g., Aviles v Capels, No. SACV 17-1962-AG (JPR) (C.D. Cal. dismissed Nov. 9, 2017); Aviles-Rothchild v. 300 N. Los Angeles St. Bldg., No. CV 18-10460-AG (JPR) (C.D. Cal. dismissed Dec. 20, 2018), he may want to avoid having this lawsuit be subject to the "strike" provision of 28 U.S.C. § 1915(g).[1] See Andrews v. King, 398 F.3d 1113, 1122 n.12 (9th Cir. 2005) (as amended) (recognizing that some habeas petitioners are actually civil-rights plaintiffs seeking to avoid statutory limitations on serial complaints).

For the foregoing reasons, IT IS ORDERED that the Petition be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts. See also C.D. Cal. R. 72-3.2 ("The Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.")

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 9, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[1] Petitioner has paid the $5 filing fee for habeas petitions.

4